In the Matter of the Claim of GEORGE ROBINSON, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.

Third Department, December 23, 1976

*David Raff* for appellant.

*Louis J. Lefkowitz, Attorney-General (Iris A. Steel, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

REYNOLDS, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed February 25, 1976, which reversed the decision of a referee and sustained an initial determination of the Industrial Commissioner ruling claimant ineligible to receive benefits effective February 4, through September 29, 1974 because he failed to comply with reporting requirements.

Claimant was originally disqualified from receiving benefits effective September 27, 1973 on the ground that he voluntarily left his employment without good cause by provoking his discharge. He contested this determination without success through the board and on March 31, 1974 even filed a notice of appeal to this court but did not perfect it. Thereafter, on September 24, 1974, as a result of a simultaneously ongoing proceeding, the New York City Commission on Human Rights ruled that claimant's employment had been terminated in violation of the New York City Human Rights Law (Administrative Code of City of New York, § B1-1.0 *et seq.)* and awarded him back pay for the period between his termination of employment on September 23, 1973 and the date of the commission's hearing on May 1, 1974. However, through some oversight he was not directed to be compensated by the

employer for the period between May 1 and his reinstatement in September. Claimant, remaining uncompensated for part of his period of unemployment, thereupon, prevailed upon the board based on the Human Rights Commission's decision to reconsider and rescind its prior decision upholding his prior disqualification. However, upon remand the local office ruled claimant ineligible for benefits for failure to report during the period at issue, the board affirmed and the instant appeal ensued.

It is undisputed that claimant did not report to his local office during the period at issue. He asserts, however, that he should not be denied benefits because on the instant record his failure to report was excusable and justified. Claimant argues that while prior to his disqualification he regularly reported to his local office, after having been ruled ineligible his failure to continue reporting was excusable and justified. The basis for his position, in effect, is that he was never actually informed in any manner to continue to report, that he could not have assumed he would be required to continue reporting after being ruled ineligible to preserve a right to benefits in the event of a future reopening and subsequent favorable redetermination, that no such requirement of continued reporting exists in the law and that even if the board's interpretation of the law is correct it should be rejected on the ground it produces a patently unjust result since continued reporting would be an exercise in futility.

Fortunately, we do not believe we have to reach these interesting but complex questions in the instant case. It is undisputed that claimant did not in fact report during the period at issue, and the board could properly conclude that he was never told not to continue reporting, he just assumed such was not the case. It is also abundantly clear that during this entire period claimant in one manner or another was disputing the cause of the loss of his employment. As long as he was urging such a position, it was not unreasonable for the board to conclude that he should have continued reporting to the local office to preserve his entitlement to unemployment benefits. We hold or speculate no further. We note, however, that there is implicit in claimant's argument the inference that the reporting requirement serves no other purpose than as a *pro forma* prerequisite to entitlement to benefits. We are unwilling to so conclude.

The decision should be affirmed, without costs.

GREENBLOTT, J. P., SWEENEY, MAHONEY and MAIN, JJ., concur.

Decision affirmed, without costs.